FILED SEP10'24 · PM 4 :12 USBC·NS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Adversarial Case No. 24-2010

| | | |
|---|---|---|
| In re: | ) | **Bankruptcy Case**<br>**No. 23-10483** |
| DAVID WAYNE SCHAMENS, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | **MOTION TO DISMISS OR IN** |
| | ) | **THE ALTERNATIVE MOTION** |
| | ) | **FOR STAY** |
| | ) | |

JOHN PAUL H. COURNOYER,
in his capacity as
U.S. Bankruptcy Administrator
for the Middle District of North Carolina,

Plaintiff,

v.

DAVID WAYNE SCHAMENS,

Defendant.

Now comes Debtor David W. Schamens as Defendant in the above captioned case, for good cause shown below, motioning the Court to dismiss this case, or in the alternative, stay this case pending the outcome of criminal proceedings in the United States District Court of New Jersey. In support of the motion to dismiss, he shows unto the Court the following:

1. The Plaintiff's complaint was filed in this case on July 11, 2024 with an answer due on August 11, 2024. An extension of time was ordered on August 15, 2024 up to and including September 10, 2024 to answer the complaint.

2. The Debtor Defendant is represented in a criminal proceeding in the United States District Court - New Jersey.

3. The Bankruptcy Administrator has based his entire complaint of numerous allegations of fraud without any factual basis whatsoever that are even relevant to this case, allegations going back almost ten years prior to the filing of this Chapter 11 case on September 5, 2023. If anything, the statute of limitations bar such allegations.

4. Indeed, the complaint's allegations are nothing but a rehash of numerous proceedings initiated by the Dugan claimants since 2013 for which there have never been any findings. Bluntly put, BA Cournoyer is nothing but a shill for both the Dugan claimant parties and the United States Attorney in New Jersey looking for this Court to make findings that can be used in current criminal proceedings.

5. Cournoyer alleges that the Debtor Defendant should have itemized claims on bankruptcy schedules that are really allegations by the U. S. Government in a criminal case. Such claims are not only false, but this complaint is nothing but a back door attempt to make findings that will aid and abet a U. S. Attorney in proving a criminal case. This court has no jurisdiction over such criminal claims, direct or indirect, and to allow this adversarial proceeding to go forward without first allowing proper adjudication of the Debtor Defendant's criminal case in New Jersey prejudices the Debtor Defendant's rights to a fair trial in New Jersey.

6. Fraud must be pled with particularity. For Cournoyer to sufficiently plead fraud in this case, he must allege the elements of that claim, which include: (1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) resulting in damage to the injured party.

7. Cournoyer does not plead these elements.

8. And who, pray tell, is the injured party in this case? It is actually the Debtor Defendant, not the Plaintiff.

9. In short, the allegations in the complaint fail to state a claim upon which relief can be granted; reveal the absence of facts necessary to make the claims alleged; and/or disclose certain facts that defeat the claim(s) against the Debtor Defendant.

10. Additionally, for reasons stated above, the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction.

In support of a motion to stay this case pending the outcome of the criminal case in New Jersey, the Debtor Defendant shows unto the Court the following:

1.  The Court has the inherent authority to stay proceedings in a civil case in the interests of justice when a parallel criminal prosecution is underway. See RAD Services, Inc. v. Aetna Casualty & Surety Co., 808 F.2d 271, 279 n.3 (3d Cir. 1986); SEC v. HealthSouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). It is "clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." United States v. Mellon Bank, N. A., 545 F.2d 869, 872-873 (3d Cir. 1976) (quoting Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967)).

2.  Factors that courts have considered in weighing whether a stay is warranted include: the extent to which the criminal and civil cases overlap; the interests of the public in the pending civil and criminal litigation; the potential prejudice to the civil parties of delaying their litigation; the interests of the court; and the status of the criminal case. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995); *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp.2d 523, 526-27 (D.N.J. 1998); *HealthSouth*, 261 F. Supp. 2d at 1326. These factors support a stay in this case.

3.  There is substantial overlap between the criminal case and this case. As noted, the cases involve the same individual Debtor Defendant, Schamens, and allegations in both cases that revolve around the property that is the subject of the Chapter 11 estate. As a result, many of the potential witnesses in the criminal case also are potential witnesses in this case.

4.  It is well-settled that "a trial judge should give substantial weight to in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). As one court has observed, "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966); see also S.E.C. v. Shkreli, 15-CV-7175, 2016 WL 1122029, *7 (E.D.N.Y. March 22, 2016)

3

5. A stay of discovery in this matter also is in the right of interest for the Debtor Defendant because it will prevent Cournoyer and his gang of wolves from utilizing the expansive civil discovery rules to obtain discovery that otherwise would not be entitled to under the narrow rules of criminal discovery. As the Third Circuit explained in Mellon Bank, a civil litigant should not be permitted to proceed simultaneously with an overlapping criminal matter, because "the similarity of the issues [leaves] open the possibility that [the defendant or plaintiff] might improperly exploit civil discovery for the advancement of his criminal case." 545 F.2d at 873. The possibility of improper use of discovery, in part, led the court in Mellon Bank to stay discovery. Id. at 874. The concern expressed in Mellon Bank that criminal discovery limitations not be circumvented has been echoed by many courts that have stayed civil discovery in parallel proceedings.

6. Need the Debtor Defendant say anymore regarding the motives of both the Bankruptcy Administrator, the Dugan claimants, and other parties which shall go unnamed?

WHEREFORE, the Debtor Defendant respectfully asks the Court to dismiss this case, or in the alternative, stay this case pending the outcome of the criminal case in the United States District Court in New Jersey.  Should the Court deny both the motion to dismiss and the motion for stay, the Debtor Defendant respectfully requests appropriate time to answer the complaint.

This the 10th day of September, 2024.

David W. Schamens
812 Northern Shores Point
Greensboro, NC 27455
*(mail forwarding has been enabled)*
(336) 422-1776

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Adversarial Case No. 24-2010

| | | |
|---|---|---|
| In re: | ) | **Bankruptcy Case No. 23-10483** |
| DAVID WAYNE SCHAMENS, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | **CERTIFICATE OF SERVICE MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR STAY** |
| | ) | |
| | ) | |
| | ) | |

JOHN PAUL H. COURNOYER,
in his capacity as
U.S. Bankruptcy Administrator
for the Middle District of North Carolina,

Plaintiff,

v.

DAVID WAYNE SCHAMENS,

Defendant.

The undersigned hereby certifies that he is a person of such age and discretion as to be competent to serve process.

That on September 10, 2024, he served a copy of the foregoing Debtor's **MOTION FOR EXTENSION OF TIME** to the following creditors via the Pacer/ECF system:

Capital One
P.O. Box 30285
Salt Lake City, UT 84130 – 0285

Duke Energy
P.O. Box 70516
Charlotte, NC 28272

Piedmont Natural Gas
P.O. Box 1246
Charlotte, NC 28201-1246

Greensboro Water Resources
2602 S Elm-Eugene Street
Greensboro, NC 27406

Carter Bank & Trust
1300 Kings Mountain Road
Martinsville, VA 24112

Daufuskie Lending Partners LLC
c/o Webstone, Inc.
2633 Lincoln Blvd, Suite 333
Santa Monica, CA 90405

Brian Focht
P.O. Box 18667
Charlotte, NC 28218

Lake Jeanette HOA
c/o Carolinas Law Firm
3623 N Elm St #200
Greensboro, NC 27455

Northern Shores HOA
c/o Higgins Benjamin
301 N Elm St Suite 800
Greensboro, NC 27401

Guy Dugan, Karen Dugan, GDM Trust, Mark Dugan, et. al.
c/o Todd Capitano, Attorney
4521 Sharon Rd # 250
Charlotte, NC 28211

Weeks Flooring
c/o John Kirkman, Attorney
100 S Elm Street
Suite 410
Greensboro, NC 27401

6

JOHN PAUL H. COURNOYER,
in his capacity as U.S. Bankruptcy Administrator
for the Middle District of North Carolina,

This the 10th day of September, 2024.

David W. Schamens
812 Northern Shores Point
Greensboro, NC 27455
*(mail forwarding has been enabled)*
(336) 422-1776