**SO ORDERED.**

**SIGNED this 29th day of October, 2024.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David Wayne Schamens, | ) | Chapter 7 |
| | ) | Case No. 23-10483 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| John Paul H. Cournoyer, | ) | |
| U.S. Bankruptcy Administrator, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Adv. No. 24-02010 |
| v. | ) | |
| | ) | |
| David Wayne Schamens, | ) | |
| | ) | |
|     Defendant. | ) | |

## SCHEDULING ORDER AND ORDER
## DETERMINING COURT MAY ENTER FINAL JUDGMENT

It appearing to the Court that the parties have conferred and submitted a scheduling memorandum in accordance with Federal Rule of Civil Procedure 26(f) and Bankruptcy Rule 7026 and that this scheduling order should be entered at this time without the parties appearing in court for a pre-trial/scheduling conference.

1

Now, therefore, it is ORDERED as follows:

1.   Except as provided herein, the time limits set forth in the Joint Scheduling Memorandum are approved and shall be binding on the parties.

2.   The initial pre-trial conference in this case is canceled.

3.   The deadline for filing final pre-trial disclosures and the required contents thereof shall be set by further order of the Court.

4.   On or before March 2, 2025, the Court will schedule a final pre-trial hearing, unless a dispositive motion has been filed, in which case any final pre-trial hearing will be set by further order of the Court.

5.   The deadline for filing or responding to any final pre-trial motions and the scheduling of a hearing to consider any such motions will be set by further order of the Court.

6.   At the final pre-trial hearing, the parties shall be prepared to discuss mediation, the scheduling and content of final pre-trial disclosures, procedures for any pre-trial motions, including motions in limine, the scheduling of trial, and any other matters which might make trial or other disposition of this adversary proceeding more efficient.

7.   **The Defendant shall have 30 days from the date of this Order within which to file a brief or legal memorandum in support**

**of any defenses asserting insufficiency of process, insufficiency of service of process, and failure to state claims for relief**.  If the Defendant files a brief or legal memorandum in support of such defenses, the Plaintiff shall have 14 days from the timely filing of any such brief or memorandum within which to file a brief or legal memorandum in opposition to the Defendant's brief or legal memorandum.  If the Defendant does not file a supporting brief or legal memorandum on or before 30 days from the date of this Order, the Defendant shall be deemed to have abandoned the foregoing defenses and an order overruling and denying such defenses shall be entered.

8.   The Court has authority to hear and determine this proceeding by final order, and Defendant has no right to a jury trial.  Further briefing is not necessary and will not assist the Court in its consideration of such a well-settled issue.  "[I]n order for a bankruptcy court to hear and determine any matter, it must have subject matter jurisdiction under 28 U.S.C. § 1334, statutory authority under 28 U.S.C. § 157, and constitutional authority."  In re Dambowsky, 526 B.R. 590, 595 (Bankr. M.D.N.C. 2015).  An objection to a debtor's discharge is a proceeding that arises under title 11.  11 U.S.C. § 727(c)(1); see also 1 Collier on Bankruptcy ¶ 3.01[3][e][i] (listing complaints objecting to discharge among proceedings "arising under title 11").  Therefore, the Court has subject matter jurisdiction over this proceeding as

a matter arising under title 11.  28 U.S.C. § 1334(b).  The Court has statutory authority to hear and determine this core matter under 28 U.S.C. § 157(b)(1) and (2)(A) and (J).  See also Kontrick v. Ryan, 540 U.S. 443, 453–54, 124 S. Ct. 906, 914 (2004) (recognizing that objections to discharges are core proceedings within the jurisdiction of the bankruptcy courts).  Finally, this Court has constitutional authority to enter final judgment in this case.  1 Collier on Bankruptcy ¶ 3.02[3][a] ("The first category, matters of administration, includes . . . objections to discharges' . . ..  There has never been any doubt about the constitutional authority of a nontenured judge to enter final orders in such matters, which are unique to bankruptcy cases.").  As explained by this Court in Dambowsky:

> As observed by Judge Markell in his concurring opinion in Deitz, "it is beyond doubt that Congress has the power to provide for a discharge in bankruptcy." Deitz, 469 B.R. at 26 (Markell, J., concurring) (citing U.S. Const. art. 1, § 8, cl. 4, and In re Klein, 42 U.S. (1 How.) 277, 281, 11 L.Ed. 275 (1843) (Catron J., sitting as circuit justice; case reported in a note to Nelson v. Carland, 42 U.S. (1 How.) 265, 11 L.Ed. 126 (1843), for the proposition that the bankruptcy power extends from its smallest limit to distribute the property of the debtor to his creditors, to its greatest limit to discharge a debtor from his contracts and "all intermediate legislation")).  Moreover, "[a]lthough Congress cannot 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law or in equity, or admiralty,'" id. n.2 (citing Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. (18 How.) 272, 284, 15 L.Ed. 372 (1856)), Congress may delegate the implementation of the discharge to non-Article III judges. Id. (citing, inter alia, Hanover Nat'l Bank. v. Moyses, 186 U.S. 181, 188 (1902), for the proposition that "[t]he subject of 'bankruptcies' includes the power to discharge the debtor

from his contracts and legal liabilities, <u>as well as</u> to distribute his property" (emphasis added)).

526 B.R. at 602.  As a matter within the equitable power of the bankruptcy court, there is no right to a jury trial in proceedings objecting to a debtor's discharge.  <u>See</u> <u>In re Trinsey</u>, 114 B.R. 86, 89 (Bankr. E.D. Pa. 1990) (finding, "[a]s the nature of the claim and the relief sought is equitable in nature, there is no right to a jury trial" in proceedings objecting to a debtor's discharge); <u>In re Russell</u>, 392 B.R. 315, 373 (Bankr. E.D. Tenn. 2008) (holding that a debtor "has no constitutional right to a jury trial because a complaint to deny discharge is primarily an equitable proceeding, and the constitutional right to a jury trial applies to suits at common law"); <u>cf.</u>,  <u>In re Varney</u>, No. 94-2045, 81 F.3d 152 (Table), 1996 WL 138684, at *2 (4th Cir. Mar. 28, 1996) ("The consensus in the courts which have addressed this issue is that there is no constitutional right to a jury trial on the issue of dischargeability.  We agree with these decisions that a proceeding by a creditor to determine dischargeability is equitable in nature and that a debtor who filed a voluntary bankruptcy petition has no right to a jury trial in such a proceeding.") (internal citations omitted).

[END OF DOCUMENT]

5

<u>Parties to be Served</u>
24-02010

John Paul H. Cournoyer
U.S. Bankruptcy Administrator                via electronic notice

David W. Schamens
812 Northern Shores Point
Greensboro, NC 27455