## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | Case No. 23-10483 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JOHN PAUL H. COURNOYER, in his capacity as U.S. Bankruptcy Administrator for the Middle District of North Carolina, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 24-02010 |
| v. | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES

The U.S. Bankruptcy Administrator (the "BA"), under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37, seeks an order compelling the Defendant David Wayne Schamens to make the disclosures required under Fed. R. Civ. P. 26(a), to respond to the Plaintiff's interrogatories submitted under Fed. R. Civ. P. 33, and to produce the documents requested under Fed. R. Civ. P. 34. In support thereof, the Plaintiff states as follows:

## BACKGROUND

1.     This Court has jurisdiction over this adversary proceeding under 28

U.S.C. § 1334. Venue for this adversary proceeding is proper under 28 U.S.C. § 1409. Under 28 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred the above-captioned bankruptcy case and this adversary proceeding to this Court by its Local Rule 83.11. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (2) in which this Court has constitutional authority to enter final orders and judgments.

2.     The complaint in this adversary proceeding was filed on July 11, 2024.

3.     On October 23, 2024, the Plaintiff and Defendant filed a joint scheduling memorandum that agreed to various times limits in the adversary proceeding.  The Defendant has failed to provide initial disclosures by the deadline of November 1, 2024.  The Plaintiff brought this to the Defendant's attention and informally agreed to an extension of time to Monday, December 2, 2024. On Tuesday, December 3, 2024, the Defendant emailed the Plaintiff that he would provide the disclosures by Thursday, December 5, 2024.  A copy of this email exchange is attached as <u>Exhibit A</u>. Yet, the Defendant has failed to timely provide his initial disclosures as of the date of this pleading.

4.     On November 15, the Plaintiff issued written discovery requests to the Defendant, attached as <u>Exhibit B</u>.  The Plaintiff issued requests for admission under Rule 36, interrogatories under Rule 33, and requests for production of documents under Rule 34.

5.     The Defendant has failed to respond to any of these discovery requests. The Plaintiff has attempted to confer with the Defendant about these discovery

requests, by reminding him they were past due.  The Defendant responded on December 19, 2025.  A copy of the email string is attached as <u>Exhibit C</u>.  As of the date of this motion, the Defendant still has not responded to any of the Plaintiff's discovery requests.

6.    Thus, the Defendant was aware of his obligation to make disclosures under Rule 26 and was aware of his obligation to respond to the Plaintiff's written discovery requests.  His failure to respond was not the result of inadvertence, oversight, or mistake.  Instead, it was willful disregard of his obligations.

## **ARGUMENT**

7.    Under Rule 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

8.    Under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

9.    Therefore, the Plaintiff is entitled to an order compelling the Defendant to make the disclosures required under Rule 26(a) and to respond to the interrogatories and requests for production of documents.[1]

---

[1] The Plaintiff seeks no remedy with respect to the Defendant's failure to respond to the requests for admission.  Because the Defendant failed to respond within 30 days, each request is deemed admitted under Rule 36(a)(3).

NOW, THEREFORE, the Plaintiff requests that this Court enter an order:

1.      Compelling the Defendant to make the disclosures required by Rule 26(a) within 30 days of the entry of an order granting this motion, or such other deadline as the Court may select;

2.      Compelling the Defendant to respond to the within 30 days of the entry of an order granting this motion, or such other deadline as the Court may select; and

3.      Granting such other relief as the Court deems just and proper.

Respectfully submitted on January 15, 2025.

JOHN PAUL H. COURNOYER
U.S. BANKRUPTCY ADMINISTRATOR

By:  /s/ John Paul H. Cournoyer
John Paul H. Cournoyer
Bankruptcy Administrator
State Bar No. 42224
101 S. Edgeworth Street
Greensboro, NC 27401
Telephone: (336) 358-4176
jp_cournoyer@ncmba.uscourts.gov

## Exhibit A

| | |
|---|---|
| **From:** | David W. Schamens |
| **To:** | JP Cournoyer |
| **Subject:** | disclosures |
| **Date:** | Tuesday, December 3, 2024 9:15:21 AM |
| **Importance:** | High |

**CAUTION - EXTERNAL:**

Hi, wanted to quickly circle back this AM on disclosures.  If you recall, I had issues with Exhange and Outlook during the call….apparently there was a global issue with Outlook accessing Exchange servers that started last Monday morning.   Was not fully resolved until Friday AM….and we had to re-configure all the email addresses and download history again from Exchange servers when that resolution occurred.  This is well documented on the Exchange Admin sites.  Need about 2 days for searches (and other work) and will be back with you asap Thursday AM (if that is ok)….and of course, despite no snow on the road today, there still is no school….good grief.

Working on other items we discussed and will email also on that prior to Thursday AM.  Thanks.


Dave

David W. Schamens
CEO, Managing Director, TradeStream Analytics, Ltd.
dschamens@tradestreamanalytics.com
https://www.linkedin.com/in/davidschamens
(336) 933-1776 office
(336) 422-1776 office - cell


*This message (including any attachments) is confidential and may be privileged. If you have received it by mistake please notify the sender by return e-mail and delete this message from your system. Any unauthorized use or dissemination of this message in whole or in part is strictly prohibited. Please note that e-mails are susceptible to change. This is not an offer or solicitation with respect to the purchase or sale of any security. TradeStream Analytics, Ltd. (the "Company") does not provide investment advice. The Company (including its affiliated companies) shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system. TradeStream Analytics, Ltd. (or its affiliated companies) does not guarantee that the integrity of this communication has been maintained nor that this communication is free of viruses, interceptions or interference.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

## Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | Case No. 23-10483 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JOHN PAUL H. COURNOYER, in his | ) | |
| capacity as U.S. Bankruptcy | ) | |
| Administrator for the Middle District | ) | |
| of North Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 24-02010 |
| v. | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES,**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT DAVID WAYNE SCHAMENS**

The U.S. Bankruptcy Administrator (the "BA"), under Fed. R. Bankr. P.

7033, 7034, and 7036, and Fed. R. Civ. P. 33, 34, and 36, requests that within thirty

(30) days of service of this document, David Wayne Schamens respond to the

following requests for admission, interrogatories, and requests for production of

documents:

General Instructions and Definitions

1.    All documents requested to be produced shall be made available for

inspection and copying at the Office of the U.S. Bankruptcy Administrator for the

Middle District of North Carolina, 101 S. Edgeworth Street, Greensboro, NC 27401,

within thirty days of service of this document. Production of documents in electronic

format is preferred.

2.      This is a continuing request and you are under a duty to seasonably

produce additional documents or answers responsive to any request or interrogatory

upon later discovering information or acquiring documents not originally produced.

3.      As used herein, the terms "you," "your," or "yourself" refer to David

Wayne Schamens. Those terms further specifically include all agents,

representatives, or any other person acting or purporting to act on your behalf

either at the time of the events in question or at the present, unless the context of

the request makes it clear that only you are connoted.

4.      As used herein, the terms "person(s)," "individual(s)," and "entity(ies)"

mean any natural individual in any capacity whatsoever or any body or

organization, including divisions, departments, and other units therein, and shall

include, but not be limited to, a public or private corporation, partnership, joint

venture, voluntary or unincorporated association, organization, proprietorship,

trust, estate, governmental agency, commission, bureau, or department.

5.      As used herein, the term "document" means any medium upon which

intelligence or information can be recorded or retrieved, and includes, without

limitation, the original and each copy, regardless of origin and location, of any book,

pamphlet, periodical, letter, memorandum (including any memorandum or report of

a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

6.    As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

7.    Any or all documents or communication identified herein that are no longer in your possession, custody, or control because of destruction, loss, or any other reason, should be identified as follows:

(a)    Describe the nature of the document or communication (e.g., letter or memorandum);

(b)    State the date of the document or communication;

(c)    Identify the persons who sent and received the original and each copy of the document or communication;

(d)    State in as much detail as possible the contents of the document or

communication; and

(e)     State the manner and date of disposition of the document or communication.

8.      If you contend that you are entitled to withhold from production any or all documents or communications identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then identify the documents or communications as follows:

(a)     Describe the nature of the document (e.g., letter or memorandum);

(b)     State the date of the document;

(c)     Identify the persons who sent and received the original and each copy of the document;

(d)     State the subject matter of the document; and

(e)     State the basis upon which you contend you are entitled to withhold the document from production.

9.      As used herein, the word "or" appearing in a request should not be read so as to eliminate any part of the request, but, whenever applicable, it should have the same meaning as the word "and."

10.     Under Rule 33(b)(5), your answers to interrogatories must be signed.

## **REQUESTS FOR ADMISSION**

1.      Admit that in January 2020, Pillar Capital Partners LLC, acting through you as member-manager, obtained pre-approval from Carter Bank & Trust, to purchase a house on Daufuskie Island, SC.

RESPONSE:

2.      Admit that you signed a deed of trust in favor of Daufuskie Lending

Partners LLC, in the amount of $756,814.70, that was recorded in June 2021

against the residential real property at 812 Northern Shores Point, Greensboro, NC

27455.

RESPONSE:

3.      Admit that no entity named Daufuskie Lending Partners LLC existed

at any time on or prior to November 7, 2024.

RESPONSE:

4.      Admit that you signed a deed of trust in favor of Pillar Capital

Partners, in the amount of $548,876.71, that was recorded in May 2015 against the

residential real property at 138 Arnold Palmer Drive, Advance, NC 27006.

RESPONSE:

5.      Admit that Pillar Capital Partners LLC attempted to change its name

to Daufuskie Lending Partners LLC in March 2024.

RESPONSE:

6.      Admit that, at no time prior to November 7, 2024, has Daufuskie

Lending Partners LLC held a claim against you.

RESPONSE:

7.       Admit that Aggie Investment LLC asserts a claim against you, and

that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

8.      Admit that Theodore Van Leer, Caroline Van Leer, Anne M. Blanken, the Credit Shelter Share Trust, and the Lambertsen Charitable Remainder Unitrust assert claims against you, and that such claims were asserted against you prior to September 5, 2023.

RESPONSE:

9.      Admit that Weeks Hardwood Flooring Inc. asserts a claim against you, and that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

10.      Admit that Zayo Group LLC asserts a claim against you, and that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

11.      Admit that you did not list ownership of any furniture in your bankruptcy schedules, nor did you schedule any lease agreement applicable to any furniture in your bankruptcy schedules.

RESPONSE:

## INTERROGATORIES

1.      If you denied any of the Requests for Admission above, identify for each such denial all facts that you relied upon in denying the request.

RESPONSE:

2.      Identify all bank accounts, during the last 4 years, that have been held in your name, your wife's name, and/or in the name of any entity that you or your wife hold any direct or indirect ownership interest in.

RESPONSE:

3.      Identify all entities that you have held a direct or indirect ownership interest in, during the last 4 years.

RESPONSE:

4.      Identify all entities that you have held an officer, director, manager, member, or other position of control, during the last 4 years.

RESPONSE:

5.      Identify the source of funds for the amount you paid to Cliff Harvel's Moving Company Inc. to move the furniture located at your residence at 812 Northern Shores Point, Greensboro, NC 27455, in May 2024.

RESPONSE:

6.      Identify the current location of the furniture that was removed from your residence at 812 Northern Shores Point, Greensboro, NC 27455, in May 2024.

RESPONSE:

7.      If you contend the claim of Daufuskie Lending Partners LLC, listed in

your bankruptcy schedules, is a valid claim, identify the (i) date that the funds were paid to you, (ii) the bank account where the funds were deposited, (iii) the documents that were executed in connection with the loan, and (iv) the date that such loan documents were executed.

RESPONSE:

8.      Identify all communications between you and Daufuskie Lending Partners LLC.

RESPONSE:

9.      Identify all communications between you and Steven K. Novak.

RESPONSE:

10.      Identify all bank accounts and other sources of funds that you used to pay your living expenses in 2023 and 2024.

RESPONSE:

11.      Identify your current residence.

RESPONSE:

12.      Identify all communications between you and Daniel C. Bruton.

RESPONSE:

## REQUESTS FOR PRODUCTION

1.      Produce all documents that relate to the assets, liabilities, or other financial information disclosed in your bankruptcy petition, schedules and statement of financial affairs, including amendments.

RESPONSE:

2.     Produce all documents that you contend support the existence of a claim held by Pillar Capital Partners LLC against you.

RESPONSE:

3.     Produce the lease agreement, if any, that you contend applied to the furniture or other personal property previously located at your former residence at 812 Northern Shores Point, Greensboro, NC 27455.

RESPONSE:

4.     Produce copies of all bank statements showing payments from Daufuskie Lending Partners LLC to you.

RESPONSE:

5.     Produce copies all bank statements showing payments from Pillar Capital Partners LLC to you.

RESPONSE:

6.     Produce all bank statements showing payments that you made to Daufuskie Lending Partners LLC or Pillar Capital Partners LLC.

RESPONSE:

7.     Produce all statements from all bank accounts, over the last 2 years, that have been held in your name, your wife's name, and/or in the name of any entity that you or your wife hold any direct or indirect ownership interest in.

RESPONSE:

8.     Produce all emails between you and Daniel C. Bruton.

RESPONSE:

9.     Produce all emails between [steve.novak@daufuskiepartners.com](mailto:steve.novak@daufuskiepartners.com) and you.

RESPONSE:

10.    Produce all bank statements, copies of cancelled checks, credit card statements, loan documents, loan statements, transactions ledgers, and other documentation related to your financial transactions during the two years prior to filing your bankruptcy petition.

RESPONSE:


Respectfully submitted on November 15, 2024.


JOHN PAUL H. COURNOYER
U.S. BANKRUPTCY ADMINISTRATOR

By: /s/ John Paul H. Cournoyer
John Paul H. Cournoyer
Bankruptcy Administrator
State Bar No. 42224
101 S. Edgeworth Street
Greensboro, NC 27401
Telephone: (336) 358-4176
jp_cournoyer@ncmba.uscourts.gov

## CERTIFICATE OF SERVICE

     This is to certify that, on this date, the foregoing document was served upon the Defendant by electronic mail to dschamens@tradestreamanalytics.com and david@schamens.com and by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

David Wayne Schamens
812 Northern Shores Point
Greensboro, NC 27455-3459

Dated:  November 15, 2024.

                             /s/ Traci D. Galloway
                             Bankruptcy Paralegal

## Exhibit C

| From: | David W. Schamens |
|---|---|
| To: | JP Cournoyer; David W. Schamens |
| Subject: | RE: 1st set of discovery requests |
| Date: | Thursday, December 19, 2024 8:39:26 AM |
| Importance: | High |

**CAUTION - EXTERNAL:**

Let me paint the picture for you: On August 31, 2021, all documents, computers, and electronic media were taken from my house by Immigration and Customs Enforcement agents. We have repeatedly sought the return of these documents. It is impossible to adequately answer this discovery without these files and records, and I am not going on a mission to each court house in South Carolina, North Carolina, New Jersey, and Delaware to obtain public records that are readily available to the public including your office.

Ask Bruton about any communications. I am sure he has the records we don't have available. As you know, we moved and there are numerous boxes for records with him that I don't have readily available.

I indicated I will be filing motions to compel various parties to turn over my personal records that are necessary to answer your discovery. This will be filed before the end of the week.


David W. Schamens
CEO, Managing Director, TradeStream Analytics, Ltd.
dschamens@tradestreamanalytics.com
https://www.linkedin.com/in/davidschamens
(336) 933-1776 office
(336) 422-1776 office - cell

---

**From:** JP Cournoyer <jp_cournoyer@ncmba.uscourts.gov>
**Sent:** Tuesday, December 17, 2024 2:41 PM
**To:** David W. Schamens <david@schamens.com>; David W. Schamens <dschamens@tradestreamanalytics.com>
**Subject:** RE: 1st set of discovery requests

Mr. Schamens,

Following up on the status of your responses to these as well, which are now past due.

Best,

JP

John Paul H. Cournoyer
U.S. Bankruptcy Administrator
Middle District of North Carolina

101 S. Edgeworth Street
Greensboro, NC 27401
Direct: (336) 358-4176
Main: (336) 358-4170

**From:** JP Cournoyer
**Sent:** Friday, November 15, 2024 10:52 AM
**To:** David W. Schamens <david@schamens.com>; dschamens@tradestreamanalytics.com
**Subject:** 1st set of discovery requests

Mr. Schamens,

Attached are the first set of written discovery requests to you in connection with the adversary proceeding.  I also attached a courtesy copy in Word format to make the preparation of your responses easier.

Best,

JP

John Paul H. Cournoyer
U.S. Bankruptcy Administrator
Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC 27401
Direct: (336) 358-4176
Main: (336) 358-4170

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on this date, the foregoing document was served upon the Defendant by electronic mail to <u>dschamens@tradestreamanalytics.com</u> and <u>david@schamens.com</u> and by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

David Wayne Schamens
812 Northern Shores Point
Greensboro, NC 27455-3459

Dated:  January 15, 2025.

<u>/s/ Traci D. Galloway</u>
Bankruptcy Paralegal