## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | Case No. 23-10483 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JOHN PAUL H. COURNOYER, in his capacity as U.S. Bankruptcy Administrator for the Middle District of North Carolina, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 24-02010 |
| v. | ) | |
| | ) | |
| DAVID WAYNE SCHAMENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER, ENTER DEFAULT JUDGMENT, OR FOR OTHER SANCTIONS UNDER RULE 37

The U.S. Bankruptcy Administrator (the "Plaintiff" or "BA"), under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37, seeks an order striking the Defendant's answer and entering default judgment, or for other sanctions under Rule 37. In support thereof, the Plaintiff states as follows:

### BACKGROUND

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. Venue for this adversary proceeding is proper under 28 U.S.C. § 1409. Under 28 U.S.C. § 157(a), the United States District Court for the Middle

District of North Carolina has referred the above-captioned bankruptcy case and this adversary proceeding to this Court by its Local Rule 83.11. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (2) in which this Court has constitutional authority to enter final orders and judgments.

2.    The complaint in this adversary proceeding was filed on July 11, 2024.

3.    On October 23, 2024, the Plaintiff and Defendant filed a joint scheduling memorandum that agreed to various times limits in the adversary proceeding.  The Defendant has failed to provide initial disclosures by the deadline of November 1, 2024.  The Plaintiff brought this to the Defendant's attention and informally agreed to an extension of time to Monday, December 2, 2024. On Tuesday, December 3, 2024, the Defendant emailed the Plaintiff that he would provide the disclosures by Thursday, December 5, 2024.  Yet, the Defendant failed to timely provide his initial disclosures.

4.    On November 15, 2024, the Plaintiff issued written discovery requests to the Defendant.  They are attached as Exhibit A, and included requests for admission under Rule 36, interrogatories under Rule 33, and requests for production of documents under Rule 34.  The Defendant failed to timely respond to any of these discovery requests.  The Plaintiff attempted to confer with the Defendant about these discovery requests, by reminding him they were past due. Still, the Defendant has not responded.

5.    On January 15, 2025, the Plaintiff filed a motion to compel the Defendant to make initial disclosures and respond to the interrogatories and

requests for production of documents.[1]

6.    On January 22, 2025, a hearing was held on the Plaintiff's motion to compel, at which the Defendant appeared.

7.    On January 23, 2025, this Court entered an order (Doc. No. 34) directing the Defendant to provide initial disclosures and respond to the Plaintiff's interrogatories and requests for production of documents within 30 days.

8.    Thirty days has passed since the entry of this Court's order, but the Defendant still has not provided initial disclosures, nor responded to the Plaintiff's interrogatories or requests for production of documents.

9.    The Defendant has had multiple chances to comply with his discovery obligations, and still refuses to do so. He failed to timely make his initial disclosures or respond to the written discovery requests when issued.  He failed to comply with his discovery obligations even after Plaintiff conferred with him and agreed to additional time for him to comply.  Even after the Court entered an order directing him to comply, he has refused to do so.

10.    The Defendant was aware of his obligation to make disclosures under Rule 26 and was aware of his obligation to respond to the Plaintiff's written discovery requests.  His failure to respond was not the result of inadvertence, oversight, or mistake.  Instead, it was willful disregard of his obligations and refusal to comply with this Court's order.

---

[1] The Plaintiff sought no remedy with respect to the Defendant's failure to respond to the requests for admission.  Because the Defendant failed to respond within 30 days, each request is deemed admitted under Rule 36(a)(3).

11.    In addition to his willful noncompliance with his discovery obligations in this adversary proceeding, this Court should take judicial notice[2] of the Defendant's established record of serial bankruptcy filings, delay tactics, and noncompliance with Court orders.  *See, e.g.,* Order Setting Hearing to Determine Whether the Automatic Stay Should Be Modified In Rem as to Real Property*, In re Schamens,* Case No. 23-10483, Doc. No. 48 (outlining the Defendant's prior repeat bankruptcy filings and inconsistent statements in his filings); Order Terminating Debtor's Authorization to File by Electronic Mail and Granting Debtor's Motion to Extend Deadline, *In re Schamens,* Case No. 23-10483, Doc. No. 151 (taking judicial notice of the Defendant's acts demonstrating his "failure to abide by orders or to proceed in good faith").

## **ARGUMENT**

12.    Under Rule 37(b)(2)(A). "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."  Available sanctions for failing to obey a discovery order include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

---

[2] The Court may judicial notice of its own records. Fed. R. Evid. 201.

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

13.    Entering default judgment for the failure to comply with a discovery order is a harsh sanction, and "should only be used when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'" *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977) (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958)); *see also, e.g., Lee v. Max Int'l, Ltd. Liab. Co.,* 638 F.3d 1318, 1321 (10th Cir. 2011) (granting dismissal as a sanction when the plaintiffs "were given no fewer than three chances to make good their discovery obligation" but failed to do so).

14.    "Factors to consider in reviewing a discovery sanction are whether the violations were done in bad faith, any prejudice to other parties, the need for deterrence, and whether a less severe sanction would be effective." *S. Mgmt. Corp. Ret. Tr. v. Rood*, 532 F. App'x 370, 372 (4th Cir. 2013).

15.    Here, the factors identified by the Fourth Circuit support the sanction of rendering default judgment against the Defendant.  The Defendant has acted in bad faith by willfully failing to comply with this Court's discovery order.  He has prejudiced the Plaintiff by failing to provide any initial disclosures or respond to any

discovery request.  The need for deterrence is high, since any lesser sanction would prolong this litigation, thereby rewarding the Defendant for his noncompliance.  A less severe sanction would not provide an effective remedy, since this is not a case where the Defendant has failed to comply in some partial respect.  Rather, the discovery requests broadly cover the facts and issues relevant to this adversary proceeding, and the Defendant has refused to respond at all.  Since, the Defendant has willfully failed to make *any* disclosure or respond to *any* discovery request, default judgment is the only adequate sanction.

16.    The record in this case establishes willful disobedience with this Court's discovery order.  The Defendant was given multiple chances to comply with his discovery obligations yet failed to do so.  Therefore, his answer should be stricken, and the Court should enter default judgment denying his discharge under 11 U.S.C. § 727.  Alternatively, should this Court disagree, the Plaintiff requests that the Court grant a lesser sanction, such as prohibiting the Defendant from introducing any evidence at the trial in this adversary proceeding.

NOW, THEREFORE, the Plaintiff requests that this Court enter an order:

1.    Striking the Defendant's answer and entering default judgment denying his discharge under 11 U.S.C. § 727;

2.    Alternatively, granting a lesser sanction, such as prohibiting the Defendant from introducing any evidence at the trial in this adversary proceeding; and

3.    Granting such other relief as the Court deems just and proper.

Respectfully submitted on March 4, 2025.

JOHN PAUL H. COURNOYER
U.S. BANKRUPTCY ADMINISTRATOR

By: /s/ John Paul H. Cournoyer
John Paul H. Cournoyer
Bankruptcy Administrator
State Bar No. 42224
101 S. Edgeworth Street
Greensboro, NC 27401
Telephone: (336) 358-4176
jp_cournoyer@ncmba.uscourts.gov

## Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

<table>
<tr><td>In re:</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>DAVID WAYNE SCHAMENS,</td><td>)</td><td>Case No. 23-10483</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Debtor.</td><td>)</td><td>Chapter 7</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>JOHN PAUL H. COURNOYER, in his<br>capacity as U.S. Bankruptcy<br>Administrator for the Middle District<br>of North Carolina,</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Adv. Pro. No. 24-02010</td></tr>
<tr><td>        v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>DAVID WAYNE SCHAMENS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES,**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT DAVID WAYNE SCHAMENS**

The U.S. Bankruptcy Administrator (the "BA"), under Fed. R. Bankr. P.

7033, 7034, and 7036, and Fed. R. Civ. P. 33, 34, and 36, requests that within thirty

(30) days of service of this document, David Wayne Schamens respond to the

following requests for admission, interrogatories, and requests for production of

documents:

General Instructions and Definitions

1.    All documents requested to be produced shall be made available for

inspection and copying at the Office of the U.S. Bankruptcy Administrator for the

Middle District of North Carolina, 101 S. Edgeworth Street, Greensboro, NC 27401,

within thirty days of service of this document. Production of documents in electronic

format is preferred.

2.      This is a continuing request and you are under a duty to seasonably

produce additional documents or answers responsive to any request or interrogatory

upon later discovering information or acquiring documents not originally produced.

3.      As used herein, the terms "you," "your," or "yourself" refer to David

Wayne Schamens. Those terms further specifically include all agents,

representatives, or any other person acting or purporting to act on your behalf

either at the time of the events in question or at the present, unless the context of

the request makes it clear that only you are connoted.

4.      As used herein, the terms "person(s)," "individual(s)," and "entity(ies)"

mean any natural individual in any capacity whatsoever or any body or

organization, including divisions, departments, and other units therein, and shall

include, but not be limited to, a public or private corporation, partnership, joint

venture, voluntary or unincorporated association, organization, proprietorship,

trust, estate, governmental agency, commission, bureau, or department.

5.      As used herein, the term "document" means any medium upon which

intelligence or information can be recorded or retrieved, and includes, without

limitation, the original and each copy, regardless of origin and location, of any book,

pamphlet, periodical, letter, memorandum (including any memorandum or report of

a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

6.     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

7.     Any or all documents or communication identified herein that are no longer in your possession, custody, or control because of destruction, loss, or any other reason, should be identified as follows:

(a)     Describe the nature of the document or communication (e.g., letter or memorandum);

(b)     State the date of the document or communication;

(c)     Identify the persons who sent and received the original and each copy of the document or communication;

(d)     State in as much detail as possible the contents of the document or

communication; and

(e)    State the manner and date of disposition of the document or communication.

8.    If you contend that you are entitled to withhold from production any or all documents or communications identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then identify the documents or communications as follows:

(a)    Describe the nature of the document (e.g., letter or memorandum);

(b)    State the date of the document;

(c)    Identify the persons who sent and received the original and each copy of the document;

(d)    State the subject matter of the document; and

(e)    State the basis upon which you contend you are entitled to withhold the document from production.

9.    As used herein, the word "or" appearing in a request should not be read so as to eliminate any part of the request, but, whenever applicable, it should have the same meaning as the word "and."

10.    Under Rule 33(b)(5), your answers to interrogatories must be signed.

## **REQUESTS FOR ADMISSION**

1.    Admit that in January 2020, Pillar Capital Partners LLC, acting through you as member-manager, obtained pre-approval from Carter Bank & Trust, to purchase a house on Daufuskie Island, SC.

RESPONSE:

2.      Admit that you signed a deed of trust in favor of Daufuskie Lending

Partners LLC, in the amount of $756,814.70, that was recorded in June 2021

against the residential real property at 812 Northern Shores Point, Greensboro, NC

27455.

RESPONSE:

3.      Admit that no entity named Daufuskie Lending Partners LLC existed

at any time on or prior to November 7, 2024.

RESPONSE:

4.      Admit that you signed a deed of trust in favor of Pillar Capital

Partners, in the amount of $548,876.71, that was recorded in May 2015 against the

residential real property at 138 Arnold Palmer Drive, Advance, NC 27006.

RESPONSE:

5.      Admit that Pillar Capital Partners LLC attempted to change its name

to Daufuskie Lending Partners LLC in March 2024.

RESPONSE:

6.      Admit that, at no time prior to November 7, 2024, has Daufuskie

Lending Partners LLC held a claim against you.

RESPONSE:

7.       Admit that Aggie Investment LLC asserts a claim against you, and

that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

8.      Admit that Theodore Van Leer, Caroline Van Leer, Anne M. Blanken, the Credit Shelter Share Trust, and the Lambertsen Charitable Remainder Unitrust assert claims against you, and that such claims were asserted against you prior to September 5, 2023.

RESPONSE:

9.      Admit that Weeks Hardwood Flooring Inc. asserts a claim against you, and that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

10.     Admit that Zayo Group LLC asserts a claim against you, and that such claim was asserted against you prior to September 5, 2023.

RESPONSE:

11.     Admit that you did not list ownership of any furniture in your bankruptcy schedules, nor did you schedule any lease agreement applicable to any furniture in your bankruptcy schedules.

RESPONSE:

## **INTERROGATORIES**

1.     If you denied any of the Requests for Admission above, identify for each such denial all facts that you relied upon in denying the request.

RESPONSE:

2.     Identify all bank accounts, during the last 4 years, that have been held in your name, your wife's name, and/or in the name of any entity that you or your wife hold any direct or indirect ownership interest in.

RESPONSE:

3.     Identify all entities that you have held a direct or indirect ownership interest in, during the last 4 years.

RESPONSE:

4.     Identify all entities that you have held an officer, director, manager, member, or other position of control, during the last 4 years.

RESPONSE:

5.     Identify the source of funds for the amount you paid to Cliff Harvel's Moving Company Inc. to move the furniture located at your residence at 812 Northern Shores Point, Greensboro, NC 27455, in May 2024.

RESPONSE:

6.     Identify the current location of the furniture that was removed from your residence at 812 Northern Shores Point, Greensboro, NC 27455, in May 2024.

RESPONSE:

7.     If you contend the claim of Daufuskie Lending Partners LLC, listed in

your bankruptcy schedules, is a valid claim, identify the (i) date that the funds were paid to you, (ii) the bank account where the funds were deposited, (iii) the documents that were executed in connection with the loan, and (iv) the date that such loan documents were executed.

RESPONSE:

8.      Identify all communications between you and Daufuskie Lending Partners LLC.

RESPONSE:

9.      Identify all communications between you and Steven K. Novak.

RESPONSE:

10.     Identify all bank accounts and other sources of funds that you used to pay your living expenses in 2023 and 2024.

RESPONSE:

11.     Identify your current residence.

RESPONSE:

12.     Identify all communications between you and Daniel C. Bruton.

RESPONSE:

## **REQUESTS FOR PRODUCTION**

1.      Produce all documents that relate to the assets, liabilities, or other financial information disclosed in your bankruptcy petition, schedules and statement of financial affairs, including amendments.

RESPONSE:

2.    Produce all documents that you contend support the existence of a claim held by Pillar Capital Partners LLC against you.

RESPONSE:

3.    Produce the lease agreement, if any, that you contend applied to the furniture or other personal property previously located at your former residence at 812 Northern Shores Point, Greensboro, NC 27455.

RESPONSE:

4.    Produce copies of all bank statements showing payments from Daufuskie Lending Partners LLC to you.

RESPONSE:

5.    Produce copies all bank statements showing payments from Pillar Capital Partners LLC to you.

RESPONSE:

6.    Produce all bank statements showing payments that you made to Daufuskie Lending Partners LLC or Pillar Capital Partners LLC.

RESPONSE:

7.    Produce all statements from all bank accounts, over the last 2 years, that have been held in your name, your wife's name, and/or in the name of any entity that you or your wife hold any direct or indirect ownership interest in.

RESPONSE:

8.    Produce all emails between you and Daniel C. Bruton.

RESPONSE:

9.     Produce all emails between [steve.novak@daufuskiepartners.com](mailto:steve.novak@daufuskiepartners.com) and you.

RESPONSE:

10.    Produce all bank statements, copies of cancelled checks, credit card statements, loan documents, loan statements, transactions ledgers, and other documentation related to your financial transactions during the two years prior to filing your bankruptcy petition.

RESPONSE:


Respectfully submitted on November 15, 2024.

JOHN PAUL H. COURNOYER
U.S. BANKRUPTCY ADMINISTRATOR

By: _/s/ John Paul H. Cournoyer_
John Paul H. Cournoyer
Bankruptcy Administrator
State Bar No. 42224
101 S. Edgeworth Street
Greensboro, NC 27401
Telephone: (336) 358-4176
jp_cournoyer@ncmba.uscourts.gov

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that, on this date, the foregoing document was served upon the Defendant by electronic mail to dschamens@tradestreamanalytics.com and david@schamens.com and by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

David Wayne Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012

Dated:  March 4, 2025.

<u>/s/ Traci D. Galloway</u>
Bankruptcy Paralegal
