FILED APR 22 '25 - PM 4:49 USBC-NS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Adversarial Case No. 24-2010

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 23-10483 |
| DAVID WAYNE SCHAMENS, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | **REPLY TO THE MOTION FOR SANCTIONS** |
| | ) | |
| | ) | |
| | ) | |
| JOHN PAUL H. COURNOYER, in his capacity as U.S. Bankruptcy Administrator for the Middle District of North Carolina, | | |
| Plaintiff, | | |
| v. | | |
| DAVID WAYNE SCHAMENS, | | |
| Defendant. | | |

Now comes pro se Debtor David W. Schamens as Defendant in the above captioned case, replying to the motion for sanctions by the U. S. Bankruptcy Administrator:

1. A complaint was filed by the U. S. Bankruptcy Administrator against the Debtor on or about July 12, 2024. The complaint alleges that the Debtor has not completed the schedules accurately. The Debtor maintains that to the best of his ability, he has completed the schedules with all available information he currently has.

2. Regarding initial disclosures, the Debtor has repeatedly told the Bankruptcy Administrator he has none. If there needs to be clarification as to what the Bankruptcy Administrator wants, he should clarify that request.

3. The Bankruptcy Administrator is an employee of the U. S. Government. While a different "department" of the U. S. Government than the Bankruptcy Administrator's "department", agents for the U. S. Government on August 31, 2021 confiscated all computers, files, digital records, etc. that would aid the Debtor in perhaps more accurately filling out the schedules of the Chapter 11 filing. Regardless, the Debtor maintains that he has filed accurate schedules, and further, he has had no ability to answer discovery that requires access either to the internet or files and records taken by the U. S. Government.

4. The Debtor has filed numerous motions to get these files back. This is a matter of public record in the United States District Court – New Jersey.

5. The Bankruptcy Administrator has known that the Debtor has had no ability to completely answer such discovery and in fact, the complaint itself is a malicious attempt to put the Debtor in a position where he cannot respond, and thus his answer to the complaint is struck and a default judgement is entered.

6. In fact, upon information and belief, the Bankruptcy Administrator has been indirectly coordinating with the U. S. Attorney's office in New Jersey to obtain such defaults by not cooperating in the return of files and records that allow the Debtor to adequately defend himself in this case. The Bankruptcy Administrator refuses to acknowledge whether he or his office has indirectly or directly had such communications.

7. The Bankruptcy Administrator refuses, in fact, to answer any questions, whether informal or formal, of his role or his office's role in this litigation. Discovery goes both ways.

8. Further, the complaint itself is a sham attempt by the Assistant U. S. Attorney Anthony Torntore and his minion, James Gallo, to use the U. S. Bankruptcy Court to obtain admissions or testimony that can be used against the Debtor in the criminal case in the New Jersey. The Debtor notes both Gallo and Torntore formerly worked for the New

Jersey Attorney General's office during a period of time that also overlaps the period of time that the presiding Judge's law clerk also worked there.  **<u>Gallo has in fact been actively involved in investigating the very claims that the Bankruptcy Administrator is making and asks for admissions for regarding Daufuskie's deed of trust.</u>**

9. Nevertheless, the Debtor will stake himself out and answer what he can by Exhibit A and further demands a hearing to explain the answers and present evidence as to why he is not willfully not answering any parts of discovery.

10. And finally, the Debtor demands that this Court force the U. S. Bankruptcy Administrator to return all records and files that will allow the Debtor to defend this case.  The BA has the authority.  He works for the U. S. Government.

WHEREFORE, the pro se Debtor Defendant respectfully asks the Court force the U. S. Bankruptcy Administrator and the U. S. Government to turn over copies of all files and records taken on August 31, 2021, and <u>further that a hearing be scheduled addressing the above.</u>

This the 22nd day of April, 2025.

*(signature)*

David W. Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012
(336) 422-1776

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Adversarial Case No. 24-2010

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 23-10483 |
| DAVID WAYNE SCHAMENS, | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | **CERTIFICATE OF SERVICE FOR REPLY** |

JOHN PAUL H. COURNOYER,
in his capacity as
U.S. Bankruptcy Administrator
for the Middle District of North Carolina,

Plaintiff,

v.

DAVID WAYNE SCHAMENS,

Defendant.

---

The undersigned hereby certifies that he is a person of such age and discretion as to be competent to serve process.

That on April 22, 2025, he served a copy of the foregoing Debtor's **REPLY** to the following creditors via the Pacer/ECF system:

JOHN PAUL H. COURNOYER,
in his capacity as U.S. Bankruptcy Administrator
for the Middle District of North Carolina,

This the 22nd day of April, 2025.

David W. Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012
(336) 422-1776

4

Exhibit A

## REQUESTS FOR ADMISSIONS

1. This admission is 100% denied. There was no pre-approval in January 2020. Where does this nonsense come from?
2. This is admitted.
3. This admission is 100% denied.
4. This admission is 100% denied.
5. This admission is 100% denied. A resolution to change its name was adopted and filed in June 2021.
6. This admission is 100% denied.
7. This admission is 100% denied.
8. This admission is 100% denied. The referenced claims have either been satisfied years ago or in the alternative are claims against corporate entities, not the Debtor.
9. Weeks Flooring had a claim, but it was satisfied, and the remaining work they claim for was not ever completed.
10. I have never done business with Zayo Group LLC. If they have a claim against me personally, it is fraudulent. They did attempt to do business with the company I worked for, Tradestream Analytics, Ltd. about 10+ years ago, but they never completed the circuit they were contracted for.
11. This admission is 100% denied. Regarding a lease agreement, these are part of records and files I do not have access to, and further, this lease agreement was done over 10+ years ago.

## INTERROGATORIES

1. The facts I rely on are simply the fact that no pre-approval took place in January 2020. How can I prove a negative?
2. Already stated this under deposition: Chime and Bank of Oak Ridge.

3. As of August 31, 2021, none. I do not have records for anything before that date. I have unsuccessfully asked for those records via publicly filed motions.

4. As of August 31, 2021, none. I do not have records for anything before that date. I have unsuccessfully asked for those records via publicly filed motions.

5. Borrowed from a friend.

6. 163 Fairway Drive, Advance, NC 27006.

7. Give me my records and I will prove it to you. I will further explain in a hearing.

8. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

9. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

10. Chime and Social Security and income from work.

11. You already know, and irrelevant. Where do you live?

12. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

## REQUESTS FOR PRODUCTION

1. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

2. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

3. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.
4. This does not make sense. None exist.
5. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.
6. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.
7. Chime is an app. There are no statements.
8. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing. If you want any emails, get them from Bruton.
9. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.
10. I have no ability to produce those records due to a) confiscation of those records and further, b) court orders prohibiting my ability to produce them in an alternative method. I will further explain in a hearing.

This the 22nd day of April, 2025.

David W. Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012
(336) 422-1776