**SO ORDERED.**

**SIGNED this 20th day of June, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION

In re:                              )
                                    )
David Wayne Schamens,               )   Case No. 23-10483
                                    )   Chapter 7
            Debtor.                 )
_____)
                                    )
John Paul H. Cournoyer              )
U.S. Bankruptcy Administrator,      )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Adv. No. 24-02010
                                    )
David Wayne Schamens,               )
                                    )
            Defendant.              )
_____)
```

**ORDER ON MOTION BY BANKRUPTCY ADMINISTRATOR FOR SANCTIONS**

This adversary proceeding came before the Court for hearing on May 28, 2025, on the Motion to Strike Defendant's Answer, Enter Default Judgment, or for Other Sanctions Under Rule 37, filed by the U.S. Bankruptcy Administrator ("Plaintiff") on March 4, 2025.

1

ECF No. 36.[1]  Plaintiff and David Wayne Schamens ("Defendant") appeared.  Defendant is proceeding pro se.  For the reasons stated herein, the Court will compel Defendant to fully and completely comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a), made applicable to this proceeding by Fed. R. Bankr. P. 7026, and respond to Plaintiff's interrogatories and requests for production of documents numbers 1-7 and 10 to the extent that he is able through means other than use of a computer within thirty days of entry of this order.  **Solely** with respect to responses to the discovery requests that only may be obtained by computer and with respect to requests for production of documents numbers 8 and 9, the Court will temporarily stay its prior order compelling production, ECF No. 34, to permit Plaintiff to seek relief from the United States District Court for the District of New Jersey (the "New Jersey District Court") to allow Defendant to use a computer for the purpose of complying with the outstanding discovery requests.  The Court will hold a compliance hearing with respect to the matters compelled herein, and a status hearing with respect to any request made to the New Jersey District Court by Plaintiff to permit Defendant to use a computer for purposes of responding.

---

[1] All "ECF" numbers refer to the above-captioned adversary proceeding (Adv. No. 24-02010) unless otherwise specified.

**BACKGROUND**

On July 11, 2024, Plaintiff commenced this adversary proceeding by filing a complaint seeking denial of Defendant's discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (6). ECF No. 1 (the "Complaint"). On August 12, 2024, Defendant filed a motion to extend the time to file an answer, ECF No. 5,[2] and the Court granted Defendant an extension through September 10, 2024. ECF No. 6. On December 27, 2024, over three months after the answer was due, Defendant filed his answer. ECF No. 28.

On October 29, 2024, the Court entered a scheduling order, ECF No. 14, approving the time limits set forth in the parties' joint scheduling memorandum, which set November 1, 2024, as the deadline for Defendant to file his initial disclosures, and February 15, 2025, as the date on which discovery must be completed. ECF No. 13. On November 15, 2024, Plaintiff issued written discovery requests to Defendant, including requests for admission, interrogatories, and requests for production of documents. ECF No. 36, at 9-19. Defendant failed to timely file

---

[2] Despite appearing pro se, Defendant has substantial experience in litigation among the state trial courts, state appellate courts, federal district court civil actions, federal district court criminal actions, federal courts of appeal, and this case and several prior bankruptcy filings, including appeals.

his initial disclosures[3] or respond to any of these discovery requests.

On January 15, 2025, Plaintiff filed a motion to compel Defendant to make initial disclosures and respond to Plaintiff's interrogatories and requests for production. ECF No. 31.[4] On January 22, 2025, the Court held a hearing on Plaintiff's motion to compel. ECF No. 33. At that hearing, Defendant requested that all deadlines in the scheduling order, including the deadline for Defendant to file his initial disclosures, be extended by sixty days. Thereafter, the Court entered an order amending the scheduling order and directing Defendant to provide initial disclosures and respond to outstanding discovery requests within thirty days of the date of the order, which was more time than was requested by Defendant at the hearing.[5] ECF No. 34.

On March 4, 2025, Plaintiff filed the present motion, stating that Defendant still had not provided initial disclosures or responded to the discovery requests. ECF No. 36, at 3. Plaintiff

---

[3] Plaintiff and Defendant informally agreed to extend this deadline to December 2, 2024. ECF No. 31, ¶ 3. Still, Defendant failed to timely provide his initial disclosures. Id.

[4] Plaintiff did not seek any relief with respect to Defendant's failure to respond to Plaintiff's requests for admissions.

[5] An extension of the initial disclosure deadline as provided in the original scheduling order, ECF No. 14, by sixty days would have run through December 31, 2024. An extension of the initial disclosure deadline that Plaintiff and Defendant had informally agreed to, ECF No. 31, ¶ 3, by sixty days would have run through January 31, 2025. The amended scheduling order provided an extension through February 22, 2025. ECF No. 34.

4

requests that the Court strike Defendant's answer and enter default judgment or, alternatively, grant a lesser sanction, such as prohibiting Defendant from introducing any evidence at trial. Id. at 6. On March 21, 2025, the Clerk of Court issued its Notice of Right to Respond to Dispositive Motion, setting April 4, 2025, as the deadline for Defendant to respond to Plaintiff's motion for sanctions, and providing Defendant notice that a failure to timely respond could result in the Court entering default and granting the relief requested in the Complaint. ECF No. 37.

On April 4, 2025, Defendant filed a motion requesting an extension of time to file a response to Plaintiff's Motion, ECF No. 39, which the Court granted through April 15, 2025, despite determining that Defendant failed to establish cause for the extension. ECF No. 40. On April 15, 2025, Defendant filed a second motion requesting an extension of time to file a response to Plaintiff's motion through April 17, 2025. ECF No. 43. The Court granted Defendant's second motion for an extension of time through April 22, 2025, which was more time than was requested. ECF No. 44. On April 22, 2025, Defendant filed a reply to Plaintiff's motion for sanctions and attached as an exhibit his purported discovery response. ECF No. 46.

At the hearing on Plaintiff's current motion, Defendant indicated that he is subject to an order from the United States District Court for the District of New Jersey prohibiting him from

5

using computers.  The Court has reviewed the record in the New Jersey case, captioned <u>United States v. Schamens et al.</u>, Case No. 2:22-mj-10299-JBC-1 (D.N.J.), including the Second Order Amending Conditions of Release regarding Defendant.  ECF No. 30 (D.N.J.).[6]  The record in this adversary proceeding as well as Defendant's underlying bankruptcy case indicates that Defendant has used computers to communicate with Plaintiff and the chapter 7 trustee, among other purposes, on or after March 10, 2023.  <u>See</u>, <u>e.g.</u>, ECF No. 31, at 6 & 20; Case No. 23-10483, ECF No. 217, at 18-20, & 241, at 3.  At the hearing on Plaintiff's motion for sanctions, Defendant stated that his email communications were accomplished through his spouse's use of computers at his direction.

**DISCUSSION**

I. <u>Defendant has waived objections to Plaintiff's interrogatories and requests for production of documents</u>.

An objection to a discovery request must be served on the requesting party within thirty days of service on the responding party.  Fed. R. Bankr. P. 7033, 7034 & 7036.  "If a party fails to timely serve objections and responses to discovery requests, the party waives any objections unless the Court finds good cause to excuse the failure to respond."  <u>Moore v. Lightstorm Ent.</u>, No. CV

---

[6] The New Jersey District Court entered the amended order after the United States filed a motion to revoke Defendant's bail alleging that Defendant violated the conditions of his release by communicating with victims.  Case No. 2:22-mj-10299-JBC-1 (D.N.J.), ECF No. 22.

RWT-11-3644, 2016 WL 6822557, at *2 (D. Md. Nov. 18, 2016); see also Byrd v. Reno, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *6 (D.D.C. Feb. 12, 1998) (defining good cause as a medical emergency or where requests are so irrelevant that accepting a late objection is necessary to prevent misuse of process).  Courts consider the following factors when determining if good cause exists to excuse a party's failure to timely object to discovery requests:

> (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

Int'l Painters & Allied Trades Indus. Pension Fund v. Niles Indus. Coatings, LLC, No. 1:20-CV-00619-RDB, 2023 WL 5368040, at *3 (D. Md. Aug. 22, 2023).  In addition to these factors, courts often emphasize that a finding of good cause requires that the party has been diligent in seeking to abide by deadlines.  See, e.g., Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012); Pegg v. Klempa, No. 5:13CV173, 2016 WL 6998684, at *3 (N.D.W. Va. Nov. 30, 2016).  Pro se parties, like all parties, must comply with discovery.  In re Hollar, 184 B.R. 243, 247 (Bankr. M.D.N.C. 1995) ("The fact that the debtors are pro se does not excuse their failure to comply with the rules of discovery and the orders of this court.").  The

7

fact that a party is proceeding pro se, without more, does not constitute good cause.  Ferguson v. Prince George's Cnty., No. CV TDC-14-3613, 2016 WL 7374513 (D. Md. Dec. 20, 2016).

Interrogatories directed to an individual party must be answered in writing under oath and signed by that party.  Fed. R. Civ. P. 33(b); Fed. R. Bankr. P. 7033.  The rules do not prescribe any particular form of verification.  Id.  While affirming the responses before a notary is an acceptable form of verification, courts also accept a simple declaration made "under penalty of perjury" that the interrogatory responses are "true and correct."  7 Moore's Federal Practice – Civil § 33.104 (2025).  Interrogatory responses not verified are invalid.  In re Asbestos Prods. Liab. Litig. (No. VI), No. 08-90234, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012) (collecting cases).  At the January 22, 2025, hearing, the Court emphasized to Defendant that any response to interrogatories must be under oath to be a valid response.  ECF No. 33 at 8:30.  In this case, Defendant failed to verify that his interrogatory responses were made under oath and his responses are invalid.  ECF No. 46.

Good cause does not exist to excuse Defendant's failure to timely respond or object to Plaintiff's discovery requests.  Even if Defendant had verified his interrogatory responses, Defendant's discovery responses nonetheless demonstrate bad faith, were

8

substantially unresponsive,[7] evasive, and in any event, were filed five months after Defendant was served with discovery requests and long after the deadline within which Defendant previously has been compelled to respond without any justification for this delay. See ECF No. 46. Defendant has engaged in a pattern of dilatory and bad faith conduct throughout this adversary proceeding and the underlying bankruptcy case. The Court has granted Defendant's motions to extend filing deadlines in this case on three occasions. See ECF Nos. 6, 40 & 44. Despite these numerous extensions, Defendant has nonetheless routinely failed to meet deadlines. See, e.g., ECF Nos. 5 & 28. The Court previously compelled Defendant to provide initial disclosures and respond to Plaintiff's discovery requests, and Plaintiff failed to comply with that order without justification. See ECF No. 34. As of the date of this Order, Defendant has still not provided initial disclosures.

Defendant's discovery responses do not constitute a good faith attempt to comply with Plaintiff's requests. Defendant has not produced a single document in response to Plaintiff's requests for production of documents despite having attached emails to his filings in his underlying bankruptcy case. See, e.g., Case No. 23-10483, ECF No. 217, at 18-20. Whether these emails were

---

[7] As merely one example, Interrogatory number 11 requests Defendant to identify his current residence. ECF No. 36, at 16. Defendant responds: "You already know, and irrelevant. Where do you live?" ECF No. 46, at 6.

produced through Defendant's spouse or otherwise, Defendant clearly can produce at least some documents and information requested by Plaintiff. Without limitation, in response to many of Plaintiff's interrogatories, Defendant states, among other reasons, that he is unable to produce records due to the records having been confiscated as a part of Defendant's criminal indictment in the New Jersey case. ECF No. 46. The confiscation of records that Defendant refers to occurred in 2021. Defendant filed his underlying bankruptcy case on September 5, 2023, Case No. 23-10483, ECF No. 1, and many of Plaintiff's interrogatories and requests for production of documents relate to Defendant's post-petition conduct, communications, and knowledge. Even to the extent that Defendant does not have access to certain requested documents, this does not prevent Defendant from answering Plaintiff's interrogatories to the best of his knowledge and ability.

For example, even if Defendant cannot produce printouts of email communications, Defendant has knowledge of the substance and timing of communications, and must provide that knowledge to the best of his ability and without evasion. With respect to Interrogatories 1 (bases for any denials of Plaintiff's Requests for Admission), 2 (identification of all bank accounts), 3 (entities in which Defendant has a direct or indirect interest), 4 (entities in which Defendant has served in a position of trust),

5 (source of funds for the amount Defendant paid to move), 7 (details regarding the putative claim of Daufuskie Lending Partners LLC ("Daufuskie")), 8 (communications between Defendant and Daufuskie), 9 (communications between Defendant and Steven K. Novak), 10 (sources of income), 11 (current residence), and 12 (communications with the chapter 7 trustee), Defendant similarly must respond to these requests fully and completely from his own knowledge and recollection and any from any other records to which he currently has access. Instead, his answers were vague, incomplete, and evasive. Therefore, good cause does not exist to excuse Defendant's failure to timely respond or object to Plaintiff's discovery requests, and Defendant has waived objections to these requests.

> II. Defendant is not deemed to have admitted to Plaintiff's requests for admissions.

A request for admission is deemed admitted unless the responding party serves an answer or objection to the request within thirty days of being served. Fed. R. Bankr. P. 7036. It is within the court's discretion to deem requests as admitted when a pro se litigant fails to respond. AbilityOne Corp. v. Brown, No. 1:04 CV 113, 2005 WL 3307282, at *2 n.2 (M.D.N.C. Dec. 6, 2005). When a responding party is proceeding pro se, courts are generally hesitant to deem requests as admitted based on a failure to respond. See, e.g., United States v. Renfrow, 612 F. Supp. 2d

11

677, 682-83 (E.D.N.C. 2009) (because pro se litigant received "fair notice" of the consequences of failing to respond to requests for admission, the court deemed the unanswered requests admitted); cf. In re Savage, 303 B.R. 766, 773 (Bankr. D. Md. 2003) (because pro se litigant did not receive notice of the consequences of failing to respond to requests for admission, the court did not deem the unanswered requests admitted). In this case, Defendant did not receive notice that a failure to timely respond to Plaintiff's requests for admission would result in each of those requests being deemed admitted. Therefore, the Court will not deem Defendant to have admitted to Plaintiff's requests for admission at this time so long as Defendant fully and completely complies with the related outstanding discovery requests. **Despite not deeming the requests admitted at this time, Defendant must fully and completely state the factual bases of his denials in response to Interrogatory number 1 as provided in this Order. Failure to fully respond to Interrogatory number 1 may result in the Court striking Defendant's untimely responses and deeming the requests admitted at the compliance hearing scheduled below.**

> III. <u>Defendant shall respond within thirty days of entry of this Order, through means other than Defendant's use of a computer, to all of Plaintiff's interrogatories and to Plaintiff's requests for production of documents numbers 1-7 and 10.</u>

A party cannot be compelled to produce documents that are not in the party's possession, custody, or control. Fed. R. Bankr. P. 7034. "'[D]ocuments are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control **or the legal right to obtain the documents on demand**.'" <u>Ultra-Mek, Inc. v. Man Wah (USA)</u>, Inc., 318 F.R.D. 309, 312 (M.D.N.C. 2016) (quoting <u>In re: NC Swine Farm Nuisance Litig.</u>, No. 5:15-CV-00013-BR, 2016 WL 3661266, at *3 (E.D.N.C. July 1, 2016) (emphasis added)). A party does not discharge the obligation to produce documents by simply stating that the documents are not in his possession. <u>Morris v. Lowe's Home Centers, Inc.</u>, No. 1:10CV388, 2012 WL 1073405, at *8 (M.D.N.C. Mar. 29, 2012); <u>Searock v. Stripling</u>, 736 F.2d 650, 654 (11th Cir. 1984) ("[T]he primary dispositive issue is whether [the responding party] made a good faith effort to obtain the documents over which he may have indicated he had 'control' in whatever sense, and whether after making such a good faith effort he was unable to obtain and thus produce them."); <u>Hosch v. United Bank, Inc.</u>, No. 4:09-CV-1490-TLW-TER, 2012 WL 486478, at *5 (D.S.C. Feb. 13, 2012) (requiring responding party to provide requesting party with his credit

13

reports or authorization to obtain his credit reports despite his credit reports not currently being in his possession).

In this case, many of the document requests seek documents created after the seizure of Defendant's computers, and the seizure is therefore immaterial to those requests. Furthermore, several of the outstanding discovery requests are unaffected by Defendant's inability to use a computer because the information and documents sought may be obtained through sources other than Defendant's use of a computer. For example, Defendant may obtain bank statements by requesting them from his bank.

Nevertheless, the Court should not and will not enter an order compelling Defendant to act in a way that violates the order of the New Jersey District Court. Therefore, the Court will compel Defendant to fully, completely, and without reservation respond to each of Plaintiff's interrogatories and to produce the documents requested in requests for production of documents numbers 1-7 and 10 to the extent that he may do so by means other than through his use of computers within thirty days of entry of this Order. With respect to requests for production of documents numbers 8 and 9 the Court will temporarily stay its prior order compelling production, ECF No. 34, and will continue the hearing on the current motion to compel with respect to those matters to permit Plaintiff to seek relief from the New Jersey District Court to

allow Defendant to use a computer for the purpose of complying with the outstanding discovery requests.

The Court will conduct a compliance hearing on July 22, 2025, with respect to the discovery requests Defendant is compelled to respond to herein.  **At that hearing, Defendant must be prepared to show through admissible evidence, rather than statements to the Court, all reasonable efforts made to obtain information from sources other than through Defendant's use of a computer or demonstrate why any requested information is unavailable through means other than the use of a computer.**  If Defendant fails to fully comply with this Order, the Court will consider sanctions at the July 22, 2025, compliance hearing,[8] including but not limited to, dismissal of this bankruptcy case under § 349(a) with a bar to refiling a case under title 11 and/or prejudice to the discharge of debts that were dischargeable in this case in any future case, striking Defendant's answer and entering default judgment in favor of Plaintiff, prohibiting Defendant from offering evidence at trial, as well as monetary sanctions against Defendant.  At the

---

[8] "The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing sanctions." Ferrigan v. Automax, LLC, No. CIV. 3:03CV126-W, 2006 WL 2711648, *3 n.2 (W.D.N.C. Sept. 21, 2006) (citing Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)).  Defendant's history of dilatory conduct has been well-established in this case and others.  This Order and the other warnings previously entered in this case are sufficient for the imposition of sanctions contemplated herein.

July 22, 2025, compliance hearing, the Court will also conduct a status conference regarding any pending request to the New Jersey District Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that

1. Defendant shall fully and completely and without reservation respond to Plaintiff's interrogatories and requests for production of documents numbers 1-7 and 10 through means other than Defendant's use of a computer within thirty (30) days of entry of this Order.

2. A compliance hearing with respect to the discovery requests Defendant is compelled to respond to herein is scheduled as follows:

DATE:       **July 22, 2025**

TIME:       **9:30 am**

LOCATION: **Second Floor, Courtroom #1**
           **101 South Edgeworth Street**
           **Greensboro, NC 27401**

3. At the compliance hearing, the Court will consider whether Defendant has fully and completely complied with the orders of this Court, including the previous order to compel and this Order. To the extent that Defendant has not fully complied, the Court will impose appropriate sanctions. Sanctions may include monetary sanctions, prohibiting Defendant from offering evidence at trial or summary judgment, entry of default, and dismissal of

his bankruptcy case with a bar to refiling another case under title 11 and/or with prejudice under 11 U.S.C. § 349 such that the dismissal will bar the discharge in a later case under title 11 of debts that were otherwise dischargeable in this case.[9]  **To the extent that default is entered, the Court may determine that judgment granting the relief requested in the Complaint is appropriate.  As a result, Defendant's failure to fully comply with the Court's orders may result in a denial of his discharge in his bankruptcy case, as well as dismissal of his case with prejudice under 11 U.S.C. § 349 such that the dismissal will bar the discharge in a later case under title 11 of debts that were otherwise dischargeable in this case**.

[END OF DOCUMENT]

---

[9] See, e.g., In re Pressley, 518 B.R. 867, 872 (Bankr. D.S.C. 2014) ("The general rule is that dismissal with prejudice is warranted when there is 'egregious behavior' that prejudices creditors and is abusive of the bankruptcy system.") (quoting In re Tomlin, 105 F.3d 933, 937 (4th Cir. 1997)).

<u>Parties to be Served</u>
24-02010

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                via electronic notice

David Wayne Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012

David Wayne Schamens
163 Fairway Drive
Bermuda Run, NC 27006