**SO ORDERED.**

**SIGNED** this 31st day of July, 2025.



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David Wayne Schamens, | ) | Case No. 23-10483 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| John Paul H. Cournoyer | ) | |
| U.S. Bankruptcy Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 24-02010 |
| | ) | |
| David Wayne Schamens, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER FINDING CONTEMPT AND CONTINUING COMPLIANCE HEARING

This adversary proceeding came before the Court for a compliance hearing on July 22, 2025, on the Order on Motion by Bankruptcy Administrator for Sanctions, entered on June 20, 2025. ECF No. 49 (the "June 20 Order").[1] For the reasons stated herein,

_____

[1] All "ECF" numbers refer to the above-captioned adversary proceeding (Adv. No. 24-02010) unless otherwise specified.

1

the Court finds that Defendant is in contempt of the June 20 Order, ECF No. 49, as well as the Court's prior Order Amending Scheduling Order and Directing Defendant to Provide Initial Disclosures and Respond to Outstanding Discovery Request, entered on January 23, 2025, ECF No. 34 (the "January 23 Order"), and that Defendant's contempt of court is continuing.  The Court will continue the compliance hearing to September 9, 2025, at which hearing the Court will consider sanctions against Defendant for his current contempt and any further contempt.

**BACKGROUND**

On July 11, 2024, Plaintiff commenced this adversary proceeding by filing a complaint seeking denial of Defendant's discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (6).  ECF No. 1 (the "Complaint").  On August 12, 2024, Defendant filed a motion to extend the time to file an answer, ECF No. 5,[2] and the Court granted Defendant an extension through September 10, 2024.  ECF No. 6.  On December 27, 2024, over three months after the answer was due, Defendant filed his answer.  ECF No. 28.

On October 29, 2024, the Court entered a scheduling order, ECF No. 14, approving the time limits set forth in the parties' joint scheduling memorandum, which set November 1, 2024, as the

---

[2] Despite appearing pro se, Defendant has substantial experience in litigation among the state trial courts, state appellate courts, federal district court civil actions, federal district court criminal actions, federal courts of appeal, and this case and several prior bankruptcy filings, including appeals.

deadline for Defendant to file his initial disclosures, and February 15, 2025, as the date on which discovery must be completed. ECF No. 13. On November 15, 2024, Plaintiff issued written discovery requests to Defendant, including requests for admission, interrogatories, and requests for production of documents. ECF No. 36, at 9-19. Defendant failed to timely file his initial disclosures[3] or respond to any of these discovery requests.

On January 15, 2025, Plaintiff filed a motion to compel Defendant to make initial disclosures and respond to Plaintiff's interrogatories and requests for production. ECF No. 31.[4] On January 22, 2025, the Court held a hearing on Plaintiff's motion to compel. ECF No. 33. At this hearing, Defendant referenced an alleged confiscation of documents and records of Defendant. Id. at 00:06:50-00:07:27. The Court explained to Defendant that, to the extent Plaintiff has requested the production of certain documents, Defendant is obliged to produce the documents if they are in Defendant's possession or reasonably obtainable by Defendant. Id. at 00:07:27-00:08:00.[5] The Court also advised

---

[3] Plaintiff and Defendant informally agreed to extend this deadline to December 2, 2024. ECF No. 31, ¶ 3. Still, Defendant failed to timely provide his initial disclosures. Id.

[4] Plaintiff did not seek any relief with respect to Defendant's failure to respond to Plaintiff's requests for admissions.

[5] The Court also explained that interrogatories do not require Defendant to produce any documents. ECF No. 33, at 0:07:27-0:08:00.

3

Defendant that responses to interrogatories must be based on his personal knowledge and must be verified, and if Defendant failed to verify any responses, they would be invalid. Id. at 00:08:05-00:09:06. Defendant indicated that he understood these requirements. Id. at 00:08:24. Defendant requested that all deadlines in the scheduling order, including the deadline for Defendant to file his initial disclosures, be extended by sixty days. Id. at 00:03:38-00:04:26. Thereafter, the Court entered the January 23 Order, amending the scheduling order on the timeline requested by Defendant and directing Defendant to provide initial disclosures and respond to outstanding discovery requests within thirty days of the date of the Order, which was more time than was requested by Defendant at the hearing. ECF No. 34.

On March 4, 2025, Plaintiff filed a Motion to Strike Defendant's Answer, Enter Default Judgment, or for Other Sanctions Under Rule 37, stating that Defendant still had not provided initial disclosures or responded to the outstanding discovery requests. ECF No. 36. Plaintiff requested that the Court strike Defendant's answer and enter default judgment or, alternatively, grant a lesser sanction, such as prohibiting Defendant from introducing any evidence at trial. Id. at 6. The Clerk of Court set April 4, 2025, as the deadline for Defendant to respond to Plaintiff's motion for sanctions, and provided Defendant notice that a failure to timely respond could result in the Court entering

default and granting the relief requested in the Complaint. ECF No. 37.

On April 4, 2025, Defendant filed a motion requesting an extension of time to file a response to Plaintiff's motion, ECF No. 39, which the Court granted through April 15, 2025, despite determining that Defendant failed to establish cause for the extension. ECF No. 40. On April 15, 2025, Defendant filed a second motion requesting an extension of time to file a response to Plaintiff's motion through April 17, 2025. ECF No. 43. The Court granted Defendant's second motion for an extension of time through April 22, 2025, which again was more time than he requested. ECF No. 44.

On April 22, 2025, Defendant filed a reply to Plaintiff's motion for sanctions and attached as an exhibit his purported discovery response. ECF No. 46. Several of Defendant's responses reference an alleged confiscation of certain documents and records of Defendant and an inability to produce those documents. Id. at 5-7.

At the hearing on Plaintiff's motion, Defendant indicated that he is subject to an order from the United States District Court for the District of New Jersey (the "New Jersey District Court") prohibiting him from using computers. The Court reviewed the record in the New Jersey case, captioned United States of America v. Schamens, No. 2:23-cr-00255-BRM-1, including the Second

5

Order Amending Conditions of Release regarding Defendant. No. 2:23-cr-00255-BRM-1 (D.N.J.), ECF No. 30.[6] On July 25, 2025, the New Jersey District Court entered another order modifying Defendant's bail conditions to permit Defendant to access the internet for the sole purpose of meeting with his attorney in the criminal case. No. 2:23-cr-00255-BRM (D.N.J.), ECF No. 77. All other conditions remain the same. Id.

After the hearing on Plaintiff's motion, the Court entered the June 20 Order. ECF No. 49. In its June 20 Order, the Court explained Defendant's deficient responses. Among other findings, the Court specifically found that Defendant had failed to verify that his interrogatory responses were made under oath, id. at 8, but that even if he had verified his interrogatory responses, his discovery responses "nonetheless demonstrate bad faith, were substantially unresponsive, evasive, and in any event, were filed five months after Defendant was served with discovery requests and long after the deadline within which Defendant previously has been compelled to respond without any justification for this delay." Id. at 8-9. The Order compelled Defendant to fully and completely comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a), made applicable to this proceeding by Fed. R. Bankr. P.

---

[6] The New Jersey District Court entered the amended order after the United States filed a motion to revoke Defendant's bail alleging that Defendant violated the conditions of his release by communicating with victims. No. 2:23-cr-00255-BRM-1 (D.N.J.), ECF No. 22.

6

7026, and to respond to Plaintiff's interrogatories and requests for production of documents numbers 1-7 and 10 to the extent that he is able through means other than use of a computer within thirty days of entry of the Order.  Id. at 16.  The Court declined to deem the requests for admission admitted, but ordered Defendant to fully and completely state the factual bases of his denials to the requests in response to Interrogatory number 1,[7] and warned that failure to fully respond to Interrogatory number 1 may result in the Court striking Defendant's untimely responses and deeming the requests admitted.  Id. at 12.

The deadline for Defendant to comply with the June 20 Order expired on July 21, 2025.  The Court set a compliance hearing on the June 20 Order on July 22, 2025.  Under the June 20 Order, Defendant was directed to appear at the compliance hearing and show through admissible evidence, rather than statements to the Court, all reasonable efforts made to obtain information from sources other than through Defendant's use of a computer or demonstrate why any requested information is unavailable through means other than the use of a computer.  Id. at 15.

Defendant appeared at the compliance hearing and did not present any admissible evidence as to the steps he has taken since

---

[7] Interrogatory number 1 reads: "If you denied any of the Requests for Admission above, identify for each such denial all facts that you relied upon in denying the request."  ECF No. 36, at 15.

7

the entry of the June 20 Order to supplement his discovery responses, verify his interrogatory responses despite two prior warnings from the Court to do so,[8] or otherwise comply with the June 20 Order in any way.  In fact, Defendant conceded that he had not made any effort to comply with the June 20 Order, stating that he was waiting to be able to get the confiscated documents and permission to use computers so that he could respond fully.  As the Court noted in the June 20 Order, the confiscation of records that Defendant refers to occurred in 2021, and many of Plaintiff's interrogatories and requests for production of documents relate to Defendant's conduct, communications, and knowledge after Defendant filed his bankruptcy petition in 2023.  Id. at 10.  Nonetheless, even if Defendant does not have access to certain requested documents, Defendant must answer Plaintiff's interrogatories to the best of his knowledge and ability. See Davidson v. Goord, 215 F.R.D. 73, at 80-81 (W.D.N.Y. 2003) (granting motion to compel response to interrogatory where interrogatory did not require respondent to produce any documents outside respondent's control).

    The rules of discovery specifically contemplate circumstances in which further information is learned by a responding party after the original production.  Under Fed. R. Civ. P. 26(e), made applicable to this proceeding by Fed. R. Bankr. P. 7026, Defendant

---

[8] See ECF No. 31, at 00:08:05-00:09:06 & ECF No. 49, at 8.

has a duty to supplement his discovery responses. Lanik v. Smith (In re Cox Motor Express of Greensboro, Inc.), No. 2:15-ap-2023 (Bankr. M.D.N.C.), ECF No. 43, at 22 ("Rule 26(e) requires a party to supplement any previous response to an interrogatory, request for production, or request for admission if the party learns that the previous disclosure is incomplete or incorrect in some material respect."). As has been explained to Defendant on several occasions and in the Court's prior orders, his lack of access to certain documents and records does not excuse Defendant's duty to respond to the extent that he can. See Heller v. City of Dallas, 303 F.R.D. 466, 487 (N.D. Tex. 2014) ("[A]s a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made."). Defendant's interrogatory responses remain unverified, and his discovery responses altogether remain substantially unresponsive, evasive, and untimely.

Defendant's conduct indicates a willful and intentional failure to abide by orders of the Court, and a continuation of a pattern of dilatory and bad faith conduct that Defendant has engaged in throughout this adversary proceeding and the underlying bankruptcy case. Therefore, for the reasons stated herein, the Court finds that Defendant is in contempt of both the January 23 Order and the July 20 Order, and that Defendant's contempt is continuing. The Court will continue the compliance hearing to

September 9, 2025, at which hearing the Court will consider sanctions against Defendant for his current contempt and any further contempt.[9]  **Nothing in this Order shall be construed to constitute an extension of time to which Defendant is required to respond to any outstanding discovery or comply with any prior orders of the Court.**

    **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

    1.    Defendant is in contempt of court for failure to abide by the Court's prior January 23 Order, ECF No. 34, and June 20 Order, ECF No. 49, and Debtor's contempt of court is continuing.

    2.    Defendant shall appear for a continued compliance hearing on the June 20 Order, ECF No. 49, on September 9, 2025, at 9:30 a.m., in the United States Bankruptcy Court, Second Floor, Courtroom 1, 101 South Edgeworth Street, Greensboro, North Carolina.

    3.    At the continued compliance hearing, the Court will consider whether Defendant has fully and completely complied with

---

[9] "The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing sanctions." Ferrigan v. Automax, LLC, No. CIV. 3:03CV126-W, 2006 WL 2711648, *3 n.2 (W.D.N.C. Sept. 21, 2006) (citing Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)).  Defendant's history of dilatory conduct has been well-established in this case and others.  This Order and the other warnings previously entered in this case are sufficient for the imposition of sanctions contemplated herein.

the orders of this Court, including the January 23 Order and the June 20 Order.  To the extent that Defendant has not fully complied, the Court will impose appropriate sanctions for his current contempt and any further contempt.  Sanctions may include[10] prohibiting Defendant from offering evidence at trial or summary judgment, entry of default, and dismissal of this bankruptcy case with a bar to refiling another case under title 11 and/or with prejudice under 11 U.S.C. § 349 such that the dismissal will bar the discharge in a later case under title 11 of debts that were otherwise dischargeable in this case.[11]  **Further, failure to respond fully to Interrogatory number 1 may result in the Court striking Defendant's untimely responses and deeming the requests admitted under Fed. R. Bankr. P. 7036 at the continued compliance hearing**.[12]

[END OF DOCUMENT]

---

[10] The record in this adversary proceeding and the underlying bankruptcy case indicates that monetary sanctions are unlikely to be a deterrent and are unlikely to be paid.

[11] See, e.g., In re Pressley, 518 B.R. 867, 872 (Bankr. D.S.C. 2014) ("The general rule is that dismissal with prejudice is warranted when there is 'egregious behavior' that prejudices creditors and is abusive of the bankruptcy system.") (quoting In re Tomlin, 105 F.3d 933, 937 (4th Cir. 1997)).

[12] AbilityOne Corp. v. Brown, No. 1:04 CV 113, 2005 WL 3307282, at *2 n.2 (M.D.N.C. Dec. 6, 2005).

<u>Parties to be Served</u>
24-02010

```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator              via electronic notice

David Wayne Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012

David Wayne Schamens
163 Fairway Drive
Bermuda Run, NC 27006
```