**SO ORDERED.**

**SIGNED this 9th day of September, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    MIDDLE DISTRICT OF NORTH CAROLINA
                           GREENSBORO DIVISION

In re:                                    )
                                          )
David Wayne Schamens,                     )    Chapter 7
                                          )
      Debtor.                             )    Case No. 23-10483
_____)
                                          )
John Paul H. Cournoyer, Bankruptcy        )
Administrator,                            )
                                          )
      Plaintiff,                          )
                                          )
v.                                        )    Adv. No. 24-02010
                                          )
David Wayne Schamens,                     )
                                          )
      Defendant.                          )
_____)
```

**ORDER CONTINUING COMPLIANCE HEARING**

This adversary proceeding is before the Court on Defendant's request to continue all matters scheduled for hearing on September 9, 2025. For the reasons stated herein, the Court will continue the matters scheduled for hearing on September 9, 2025, until **October 28, 2025**.

On July 11, 2024, Plaintiff commenced this adversary proceeding by filing a complaint seeking denial of Defendant's discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (6). ECF No. 1 (the "Complaint"). On August 12, 2024, Defendant filed a motion to extend the time to file an answer, ECF No. 5, and the Court granted Defendant an extension through September 10, 2024. ECF No. 6. On December 27, 2024, over three months after the answer was due, Defendant filed his answer. ECF No. 28.

On October 29, 2024, the Court entered a scheduling order, ECF No. 14, approving the time limits set forth in the parties' joint scheduling memorandum, which set November 1, 2024, as the deadline for Defendant to file his initial disclosures, and February 15, 2025, as the date on which discovery must be completed. ECF No. 13. On November 15, 2024, Plaintiff issued written discovery requests to Defendant, including requests for admission, interrogatories, and requests for production of documents. ECF No. 36, at 9-19. Defendant failed to timely file his initial disclosures or respond to any of these discovery requests.

On January 15, 2025, Plaintiff filed a motion to compel Defendant to make initial disclosures and respond to Plaintiff's interrogatories and requests for production. ECF No. 31. On January 22, 2025, the Court held a hearing on Plaintiff's motion to compel. ECF No. 33. At this hearing, Defendant referenced an

alleged confiscation of documents and records of Defendant.  Id. at 00:06:50-00:07:27.  The Court explained to Defendant that, to the extent Plaintiff has requested the production of certain documents, Defendant is obliged to produce the documents if they are in Defendant's possession or reasonably obtainable by Defendant.  Id. at 00:07:27-00:08:00.  The Court also advised Defendant that responses to interrogatories must be based on his personal knowledge and must be verified, and if Defendant failed to verify any responses, they would be invalid.  Id. at 00:08:05-00:09:06.  Defendant indicated that he understood these requirements.  Id. at 00:08:24.  Defendant requested that all deadlines in the scheduling order, including the deadline for Defendant to file his initial disclosures, be extended by sixty days.  Id. at 00:03:38-00:04:26.  Thereafter, the Court entered the January 23 Order, amending the scheduling order on the timeline requested by Defendant and directing Defendant to provide initial disclosures and respond to outstanding discovery requests within thirty days of the date of the Order, which was more time than was requested by Defendant at the hearing.  ECF No. 34.

On March 4, 2025, Plaintiff filed a Motion to Strike Defendant's Answer, Enter Default Judgment, or for Other Sanctions Under Rule 37, stating that Defendant still had not provided initial disclosures or responded to the outstanding discovery requests.  ECF No. 36.  Plaintiff requested that the Court strike

Defendant's answer and enter default judgment or, alternatively, grant a lesser sanction, such as prohibiting Defendant from introducing any evidence at trial. Id. at 6. The Clerk of Court set April 4, 2025, as the deadline for Defendant to respond to Plaintiff's motion for sanctions and provided Defendant notice that a failure to timely respond could result in the Court entering default and granting the relief requested in the Complaint. ECF No. 37.

On April 4, 2025, Defendant filed a motion requesting an extension of time to file a response to Plaintiff's motion, ECF No. 39, which the Court granted through April 15, 2025, despite determining that Defendant failed to establish cause for the extension. ECF No. 40. On April 15, 2025, Defendant filed a second motion requesting an extension of time to file a response to Plaintiff's motion through April 17, 2025. ECF No. 43. The Court granted Defendant's second motion for an extension of time through April 22, 2025, which again was more time than he requested. ECF No. 44.

On April 22, 2025, Defendant filed a reply to Plaintiff's motion for sanctions and attached as an exhibit his purported discovery response. ECF No. 46. Several of Defendant's responses reference an alleged confiscation of certain documents and records of Defendant and an inability to produce those documents. Id. at 5-7.

At the hearing on Plaintiff's motion, Defendant indicated that he is subject to an order from the United States District Court for the District of New Jersey (the "New Jersey District Court") prohibiting him from using computers. The Court reviewed the record in the Ongoing Criminal Case, including the Second Order Amending Conditions of Release regarding Defendant. No. 2:23-cr-00255-BRM-1 (D.N.J.), ECF No. 30. On July 25, 2025, the New Jersey District Court entered another order modifying Defendant's bail conditions to permit Defendant to access the internet for the sole purpose of meeting with his attorney in the criminal case. No. 2:23-cr-00255-BRM (D.N.J.), ECF No. 77. All other conditions remain the same. Id.

After the hearing on Plaintiff's motion, the Court entered the June 20 Order. ECF No. 49. In its June 20 Order, the Court explained Defendant's deficient responses. Among other findings, the Court specifically found that Defendant had failed to verify that his interrogatory responses were made under oath, id. at 8, but that even if he had verified his interrogatory responses, his discovery responses "nonetheless demonstrate bad faith, were substantially unresponsive, evasive, and in any event, were filed five months after Defendant was served with discovery requests and long after the deadline within which Defendant previously has been compelled to respond without any justification for this delay." Id. at 8-9. The Order compelled Defendant to fully and completely

comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a), made applicable to this proceeding by Fed. R. Bankr. P. 7026, and to respond to Plaintiff's interrogatories and requests for production of documents numbers 1-7 and 10 to the extent that he is able through means other than use of a computer within thirty days of entry of the Order.  Id. at 16.  The Court declined to deem the requests for admission admitted but ordered Defendant to fully and completely state the factual bases of his denials to the requests in response to Interrogatory number 1, and warned that failure to fully respond to Interrogatory number 1 may result in the Court striking Defendant's untimely responses and deeming the requests admitted.  Id. at 12.

The deadline for Defendant to comply with the June 20 Order expired on July 21, 2025.  The Court set a compliance hearing on the June 20 Order on July 22, 2025.  Under the June 20 Order, Defendant was directed to appear at the compliance hearing and show through admissible evidence, rather than statements to the Court, all reasonable efforts made to obtain information from sources other than through Defendant's use of a computer or demonstrate why any requested information is unavailable through means other than the use of a computer.  Id. at 15.

Defendant appeared at the compliance hearing and did not present any admissible evidence as to the steps he has taken since the entry of the June 20 Order to supplement his discovery

responses, verify his interrogatory responses despite two prior warnings from the Court to do so, or otherwise comply with the June 20 Order in any way.  On July 31, 2025, the Court entered an Order Finding Contempt and Continuing Compliance Hearing, ECF. No. 53, finding Defendant in contempt of both the January 23 Order and the July 20 Order, and that Defendant's contempt is continuing.  The Court continued the compliance hearing to September 9, 2025, at which hearing the Court would consider sanctions against Defendant for his current contempt and any further contempt.

On Friday, September 5, 2025, at 5:02 p.m., Defendant sent a request for a continuance via electronic mail to the Court's Courtroom Deputy.  On Monday, September 8, 2025, at 12:18 p.m., Defendant forwarded the same email and attachments to another Deputy Clerk.  ECF No. 55.  The Court directed the clerk to docket those emails and restrict access to the documents to the parties to this adversary proceeding.  Among the documents is a letter from Defendant's physician indicating that he would undergo a medical procedure on September 4, 2025, which would require a one-week recovery period.

The Court allowed Defendant to appear at the hearing on September 9, 2025, telephonically.  At the September 9 hearing, the Court considered the emails as a motion to continue the hearings.  At that hearing, Defendant indicated that his procedure has been rescheduled to September 25, 2025.

Now, therefore, for the reasons set forth on the record at the September 9 hearing, it is ordered that all matters scheduled for hearing on September 9, 2025, are continued until **October 28, 2025, at 9:30 a.m.**  Nothing in this order should be construed to extend any deadlines established by the prior orders entered in this case or to relieve Defendant from any continuing contempt of those orders.

[END OF DOCUMENT]

<u>Parties to be Served</u>
24-02010

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator               via electronic notice

David Wayne Schamens
2509A Lewisville Clemmons Road
Clemmons, NC 27012

David Wayne Schamens
163 Fairway Drive
Bermuda Run, NC 27006