**SO ORDERED.**

**SIGNED this 27th day of October, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David Wayne Schamens, | ) | Chapter 7 |
| | ) | Case No. 23-10483 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| John Paul Hughes Cournoyer, | ) | |
| U.S. Bankruptcy Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 24-02010 |
| | ) | |
| David Wayne Schamens, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER CONTINUING ALL MATTERS SCHEDULED FOR HEARING ON OCTOBER 28, 2025**

This adversary proceeding is before the Court on the Motion for Continuance, filed on October 27, 2025, by Defendant, David Wayne Schamens, the debtor in the above-captioned chapter 7 case ("Defendant"). ECF No. 59 (the "Motion"). Defendant is proceeding pro se. Defendant requests that the Court continue all matters

scheduled for hearing on October 28, 2025, for three weeks. ECF No. 59. In the Motion, Defendant represents that he recently had a significant medical procedure and that he has a conflicting court date in state court. Defendant further represents that he recently learned of the continuance date. Id.

This is not the first time Defendant has claimed that he learned of hearing dates belatedly, with the record either indicating that the purported lack of knowledge was a result of his refusal to provide a current address in violation of the Fed. R. Bankr. P. 4002(a)(5),[1] or the record contradicting his assertion that he was unaware of the date. See, e.g., ECF No. 40 and 44. In this instance, the record is clear that Defendant was permitted to attend the previous hearing by telephone and could hear the Court grant the continuance, including the date for the continued hearing. ECF No. 57. Although Defendant did not acknowledge the Court when initially requested to do so at the start of the previous hearing, he responded after the Court indicated it would disconnect the line if he did not respond. Id. at 0:00-1:58. Defendant acknowledged the date for the continued hearing on the record. Id. at 5:38-5:40. Therefore, Defendant's claim to have discovered the date of the hearing belatedly is again inaccurate.

Nevertheless, under the circumstances, the Court will

---

[1] **To the extent that Defendant's address changes again, Rule 4002(a)(5) requires Defendant to promptly file a statement of any such change**.

continue the hearing in this instance due to the intervening significant medical procedure and the conflicting state court proceeding. The Court has considered the factors set forth in the Guidelines for Resolving Scheduling Conflicts entered between the federal and state courts of North Carolina on July 8-17, 1985.[2] **The continuance granted in this Order is ample and includes consideration for any delay in production caused by Defendant's previous illness, treatment, and recovery, and further continuances or accommodation will not be granted on that basis**. Nothing herein should be construed to permit further belated requests for continuances. As the Court repeatedly has instructed Defendant previously, and does so again here, it is his obligation to seek continuances well in advance of scheduled hearings by proper filings. **As a result, the Court will not entertain further belated requests for continuances less than 14 days prior to any scheduled hearing based on matters that occurred prior to that time**.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that all matters currently scheduled for hearing on October 28, 2025, are continued to **November 25, 2025, at 9:30 a.m.** Nothing in this order should be construed to relieve Defendant from continuing to diligently comply with the outstanding requests and the Court's

---

[2] Available here: https://www.nced.uscourts.gov/pdfs/StandingOrders/85-PLR-3.pdf.

prior orders, or to extend any deadlines established by the prior orders entered in this case or to relieve Defendant from any continuing contempt of those orders.

[END OF DOCUMENT]

<u>Parties to be Served</u>
24-02010

All parties to this adversary proceeding.